UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM BRAY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-644-DRL-MGG |
| RECEPTION DIAGNOSTIC CENTER, ANDIS, ROSEBERY, BENNETT, GRAGE, and L. SWEATT, | |
| Defendants. | |

OPINION AND ORDER

Adam Bray, a prisoner without a lawyer, filed an amended complaint containing unrelated claims. ECF 15. Mr. Bray attempts to present claims based on events at both the Reception and Diagnostic Center and the Miami Correctional Facility. ECF 15. In *Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017), this circuit admonished district courts not to permit claims arising in different prisons to proceed in the same lawsuit because "unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

When a plaintiff files a complaint with unrelated claims, the court has several options for how to correct the problem. It is the usual practice of this court to allow a plaintiff to decide which related claims to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. However, when Mr. Bray filed this amended complaint, he knew he could not bring unrelated claims because he had been told this in *Bray v. LaPorte County Jail*, 3:19-cv-993 (N.D. Ind. filed October 31, 2019) [ECF

4]. Therefore, the court will "solve the problem [of unrelated claims in this case] by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

The amended complaint has two paragraphs. In paragraph 1, it raises claims based on events alleged to have occurred at the Reception and Diagnostic Center. These claims and the six defendants (Reception Diagnostic Center, Andis, Rosebery, Bennett, Grage, and L. Sweatt) mentioned in that paragraph will remain in this case. The claims and defendants in paragraph 2 (as well as defendants not mentioned in the body of the complaint) will be dismissed without prejudice. If Mr. Bray wants to pursue a dismissed claim, he needs to get a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and file a new lawsuit.

The claims remaining in this case are alleged to have occurred at the Reception and Diagnostic Center, which is located in the geographic boundaries of the United States District Court for the Southern District of Indiana. It is unclear whether venue could be proper here in the Northern District, but it is clear it is proper in the Southern District. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in … a judicial district in which a substantial part of the claim occurred . . ..").  Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought . . .." Therefore, this case will be transferred to the Southern District of Indiana.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the claims in paragraph 2;

2

(2) DISMISSES Miami Correctional Facility, State Of Indiana Department Of Correction, Robert E. Carter, Jr., Hawk, Hyatte, Rentschler, Holland, Byram, and Eric J. Holcomb; and

(3) TRANSFERS this case to the United States District Court for the Southern District of Indiana.

SO ORDERED.

September 27, 2021                                                  *s/ Damon R. Leichty*
                                                                    Judge, United States District Court